STATE OF HAWAI`I, Plaintiff-Appellee,
v.
JEFFREY CLAPP, Defendant-Appellant (FC-Cr. No. 03-1-2561) and
STATE OF HAWAI`I, Plaintiff-Appellee,
v.
JEFFREY S. CLAPP, Defendant-Appellant (FC-Cr. No. 03-1-2082)
Nos. 28073, 28074
Intermediate Court of Appeals of Hawaii.
February 28, 2008.
Leland B.T. Look, for defendant-appellant.
Brian R. Vincent, deputy prosecuting attorney, City and County of Honolulu, for plaintiff-appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE, and FOLEY, JJ.
Defendant-Appellant Jeffrey S. Clapp (Clapp) appeals from the judgments entered by the Family Court of the First Circuit (the family court)[1] on July 7, 2006 in FC-Cr. No. 03-1-2561[2] (Appeal No. 28073) and FC-Cr. No. 03-1-2082[3] (Appeal No. 28074),[4] convicting and sentencing him for Violation of an Order for Protection (OFP) on two occasions, in violation of Hawaii Revised Statutes (HRS) § 586-5.5 (2006)[5] and 586-11 (2006).[6]
Clapp argues that: (1) there was insufficient evidence that he violated the terms of an OFP on July 12, 2003 and October 11, 2003 with the required intentional or knowing state of mind; (2) the family court erred in allowing Honolulu Police Department (HPD) Sergeant Albert Lee (Sgt. Lee) to testify, pursuant to the "excited utterances" exception set forth in Hawaii Rules of Evidence Rule 803(b)(2), about hearsay statements made to him at about 10 p.m. on June 2, 2003 by complaining witness Mary Ann Lee (CW) regarding an incident involving Clapp that had occurred about four hours earlier; and (3) the family court erred in allowing HPD Officer Louise Akina (Officer Akina) to testify, pursuant to the "excited utterances" exception, about statements made to her by complaining witness Albert Kam (Kam) on July 12, 2003.
We affirm.

I.
The OFP that Clapp was convicted of violating on July 12, 2003 and October 12, 2003 was issued by the family court[7] on February 24, 2003 in FC-DA No. 03-1-0304 and provided, in relevant part, as follows:
B. CONTACT BETWEEN PARTIES
1 [Clapp] is prohibited from contacting [CW].
. . . .
3 [Clapp] is prohibited from coming or passing within 100 yards of any place of employment or where [CW] lives and within 100 feet of each other at neutral locations. In the event the parties happen upon each other at a neutral location, the subsequent arriving party shall leave immediately or stay at least 100 feet from the other. When the parties happen upon each other at the same time at a neutral location, [Clapp] shall leave immediately or stay at least 100 feet from [CW]. Do not violate this order even if (CW] invites you to be at the place of employment or where the other lives.
. . . .
5 [Clapp] is prohibited from contacting the following: [CW and the two children of Clapp and CW]
The offense of Violation of an OFP is defined in HRS § 586-11, in pertinent part, as follows: "Whenever an order for protection is granted pursuant to this chapter, a respondent or person to be restrained who knowingly or intentionally violates the order for protection is guilty of a misdemeanor." Pursuant to HRS § 702-206 (1993):
Definitions of states of mind. (1) "Intentionally."
(a) A person acts intentionally with respect to his [or her] conduct when it is his [or her] conscious object to engage in such conduct.
(b) A person acts intentionally with respect to attendant circumstances when he [or she] is aware of the existence of such circumstances or believes or hopes that they exist.
(c) A person acts intentionally with respect to a result of his [or her] conduct when it is his [or her] conscious object to cause such a result.
(2) "Knowingly."
(a) A person acts knowingly with respect to his [or her] conduct when he [or she] is aware that his [or her] conduct is of that nature.
(b) A person acts knowingly with respect to attendant circumstances when he [or she] is aware that such circumstances exist.
(c) A person acts knowingly with respect to a result of his [or her] conduct when he [or she] is aware that it is practically certain that his [or her] conduct will cause such a result.
Our review of the record indicates that there was substantial evidence presented to support the jury's determination that Clapp intentionally or knowingly violated the OFP on July 12, 2003 and October 11, 2003.
As to the July 12, 2003 incident, Clapp admitted at trial that: (1) he had been formally notified of the OFP in the earlier part of July 2003; (2) he was aware that the OFP prohibited him from coming or passing within 100 yards of CW's house, even if CW invited him, but he was "still living with [CW] on and off"; and (3) he "was in direct violation" of the OFP. Clapp also admitted that on July 12, 2003, despite knowing that the conditions set forth in the OFP barred him from visiting CW's home, even if CW invited him, he entered CW's home.
Clapp was similarly forthcoming regarding the October 11, 2003 violation. Clapp admitted that at the time, he was living at CW's home "pretty much the whole time" and "a lot of [his] work clothes and daily items that [he needed] were still at [CW's] house." Clapp also admitted knowing that the OFP prohibited him from coming or passing within 100 yards of CW's home, even if CW invited him. Finally, Clapp acknowledged that he had spent the night of October 11, 2003 at CW's house. Thus, with respect to both violations, there was "substantial evidence" that Clapp consciously engaged in conduct that he was aware would be practically certain to result in a violation of the OFP. See HRS §§ 586-11 and 702-206; State v. Richie, 88 Hawai`i 19, 33, 960 P.2d 1227, 1241 (1998). Accordingly, Clapp's first argument is without merit.
We need not address Clapp's second argument because even if we were to conclude that the family court improperly allowed Sgt. Lee and Officer Akina to testify about hearsay statements made to them by CW and Kam, such errors were harmless beyond a reasonable doubt. See Hawai`i Family Court Rules Rule 61.[8] The statements by CW that Clapp objects to concerned a June 2, 2003 incident that led to the charge against Clapp in FC-Cr. No. 03-1-2082 for committing Abuse of a Family or Household Member. Clapp was acquitted of this charge.
Similarly, the hearsay statements by Kam that Clapp objects to relate to the charge against Clapp in FC-Cr. No. 03-1-2082 for committing Assault in the Third Degree against Kam. Clapp was also acquitted of this charge.
As noted above, Clapp's own admissions were more than sufficient for the jury to find beyond a reasonable doubt that Clapp committed the offense of Violation of an OFP on July 12, 2003. See State v. Machado, 109 Hawai`i 445, 455, 127 P.3d 941, 951 (2006) (holding that "there [was] no reasonable possibility that error might have contributed to Petitioner's conviction" (brackets and quotation marks omitted)); State v. Clark, 83 Hawaii. 289, 298, 926 P.2d 194, 203 (1996) ("any error in the admission of [declarant's] testimony was harmless" because the "testimony was merely cumulative").
Therefore,
IT IS HEREBY ORDERED that both Judgments of Conviction and Sentence filed on July 7, 2006 are affirmed.
NOTES
[1] The Honorable Patrick W. Border presided.
[2] The judgment entered by the family court in FC-Cr. No. 03-1-2561 also acquitted Clapp, pursuant to a jury verdict, of Abuse of a Family or Household Member, in violation of HRS § 709-906 (Supp. 2003), and pursuant to an order granting Clapp's motion for judgment of acquittal, acquitted Clapp of Criminal Property Damage in the Fourth Degree, in violation of HRS § 707-823 (Supp. 2002).
[3] The judgment entered by the family court in FC-Cr. No. 03-1-2082 acquitted Clapp, pursuant to a jury verdict, of Abuse of a Family or Household Member, in violation of HRS § 709-906, and Assault in the Third Degree, in violation of HRS § 707-712 (1993).
[4] Pursuant to an order entered by this court on April 12, 2007, Appeal No. 28073, concerning FC-Cr. No. 03-1-2561, and Appeal No. 28074, concerning FC-Cr. No. 03-1-2082, were consolidated.
[5] HRS § 586-5.5 (2006) currently provides, as it did when Clapp was charged, in relevant part, as follows:

Protective order; additional orders. (a) If, after hearing all relevant evidence, the court finds that the respondent has failed to show cause why the [temporary restraining] order should not be continued and that a protective order is necessary to prevent domestic abuse or a recurrence of abuse, the court may order that a protective order be issued for a further fixed reasonable period as the court deems appropriate.
The protective order may include all orders stated in the temporary restraining order and may provide for further relief as the court deems necessary to prevent domestic abuse or a recurrence of abuse, including orders establishing temporary visitation and custody with regard to minor children of the parties and orders to either or both parties to participate in domestic violence intervention services. If the court finds that the party meets the requirements under section 334-59(a)(2), the court further may order that the party be taken to the nearest facility for emergency examination and treatment.
[6] HRS § 586-11 (2006) provides currently, as it did when Clapp was charged, in relevant part, as follows:

Violation of an order for protection. (a) Whenever an order for protection is granted pursuant to this chapter, a respondent or person to be restrained who knowingly or intentionally violates the order for protection is guilty of a misdemeanor.
[7] Judge R. Mark Browning issued the OFP.
[8] Hawai`i Family Court Rules Rule 61 provides:

Rule 61. HARMLESS ERROR.
No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding that does not affect the substantial right of the parties.